Edward J. Cuccia
Attorney and Counselor at Law
Ferro & Cuccia
100 Lafayette Street, Suite 201
New York, NY 10013
212-966-7775

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SAMAR SADEQ ALHANEK (A#055 780 535)

                                                          **PETITION FOR**
                                                          **HEARING ON**
              Petitioner,                            **NATURALIZATION**
                                                          **APPLICATION**

              vs.

U.S. CITIZENSHIP & IMMIGRATION SERVICES;
ERIC HOLDER, in his official capacity as
United States Attorney General;
JANET NAPOLITANO, in his official capacity as
Secretary, U.S. Department of Homeland Security;
ALEJANDRO MAYORKAS, in his official capacity as
Acting Deputy Director, U.S. Citizenship &
Immigration Services; and ANDREA J.
QUARANTILLO, in her official capacity as
District Director, U.S. Citizenship & Immigration
Services;

              Respondents.
-------------------------------------------------------------X

1

Petitioner, Samar Sadeq Alhanek ("Alhanek"), through her undersigned attorney, Ferro & Cuccia, alleges, based on personal knowledge as to herself and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. This is an individual action for a request for hearing before the District Court, pursuant to § 336(b) of the Immigration and Nationality Act. 8 U.S.C. § 1447(b).

2. This action challenges the delay of United States Citizenship and Immigration Services ("USCIS") in rendering a decision regarding Alhanek's naturalization application within 120 days of examination.

## JURISDICTION

3. The Court has jurisdiction to hear Alhanek's request for a hearing on his naturalization application pursuant to 8 U.S.C. § 1447(b) and 28 U.S.C. § 1331.

4. The Court has subject matter jurisdiction to hear Alhanek's request for relief in the nature of mandamus against officers and agencies of the United States. 28 U.S.C. § 1361.

5. The Court has personal jurisdiction over officials and agencies of the United States under 28 U.S.C. § 1346(a)(2).

6. Officials and agencies of the United States have been named as respondents. Thus, the Court has jurisdiction under the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 551 et seq. and 5 U.S.C. §§ 701 et seq.

## VENUE

7. 8 U.S.C. §1447(b) states, in relevant part, that an "applicant may apply to the United States district court for the district in which the applicant resides for a hearing

2

on the matter." Alhanek resides in Bronx, NY.  Thus, venue in the Southern District of New York is proper.

## PARTIES

8. Alhanek is a female, Lawful Permanent Resident of the United States. Her alien registration number is 055 780 535.

9. Respondent USCIS is the federal agency that adjudicates naturalization applications.

10. Respondent Eric Holder is the Attorney General of the United States, who has "the sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a).

11. Respondent Janet Napolitano is the duly appointed Secretary of the Department of Homeland Security, which oversees USCIS.

12. Respondent Alejandro Mayorkas is the duly appointed Director of USCIS.

13. Respondent Andrea J. Quarantillo is the District Director of the New York District office of USCIS.

## FACTUAL ALLEGATIONS

14. On or about April 18, 2011, Alhanek submitted an N-400 Application for Naturalization ("Application").

15. On or about June 8, 2011, USCIS scheduled Alhanek for a biometrics appointment.  Alhanek appeared and completed all biometrics requirements on June 7, 2011.

16. USCIS scheduled Alhanek for an examination on August 10, 2011 in Detroit, Michigan, pursuant to the N-400 application after the biometrics appointment was completed.

17. Upon information and belief, Alhanek passed the English proficiency and civics portions of the August 10, 2011 exam.  However, a final decision was not issued on the day of the exam.

18. The interviewing officer requested additional documents to be provided before a final decision could be rendered.

19. On August 29, 2011, Alhanek submitted the following documents: Alhanek's birth certificate, birth certificate of Alhanek's first child from a previous marriage, Safaa Abdulla Alhanek, driver's license of Abdulla Saleh Alhanek (Safaa Abdulla Alhanek's father), sworn statement of Abdulla Salah Alhanek acknowledging custody of the child, a cover letter by Alhanek dated August 29, 2011 directed to "Officer n-14."

20. Submission of said documents was made via United States Postal Service by Express Mail to the USCIS office located at 11411 E. Jefferson, Detroit, MI 48214.

21. That Express Mail package was assigned tracking number EI013284252US.

22. A review of the United States Postal Service's package tracking feature available on its website indicates that the package was delivered on August 30, 2011 at 10:44am.

23. USCIS took no further action on Alhanek's application.

4

24. On or about August 2011, Alhanek moved to the Bronx, NY and notified USCIS of her move.

25. On November 11, 2011, Alhanek appeared at the customer service unit of the USCIS office located at 26 Federal Plaza, New York, NY 10278 to inquire about the matter.

26. Alhanek was informed in writing that the case is "currently located at the Vermont Service Center. An Inquiry (SRMT) has been sent to the VSC requesting your case be transferred to the NYC for completion of N-400. You will receive a response by e-mail or mail by 11/29/11 informing you of the status of your case."

27. Alhanek received no response by either e-mail or mail on November 29, 2011.

28. On January 23, 2012, Alhanek contacted USCIS customer service telephonically.

29. USCIS issued a response dated February 3, 2012 stating that "[s]ervice records indicate that your case is currently being transferred to the District Office that has jurisdiction over your case based on your new address."

30. On March 20, 2012, Alhanek contacted USCIS customer service telephonically for the second time.

31. USCIS issued a response dated March 21, 2012 stating that "[y]our case is currently pending review and upon completion of this review, a decision will be rendered as expeditiously as possible on your application. Please allow 60-90 days for the completion of review."

32. USCIS took no action on the application within 90 days.

33. On June 27, 2012, Alhanek contacted USCIS customer service telephonically for the third time.

34. USCIS issued a response dated July 11, 2012 stating that "[w]e are actively processing this case. However, we have to perform additional review on this case and this has caused a longer processing time. You will be notified as soon as the final review is completed."

35. On November 6, 2012, Alhanek contacted USCIS telephonically for the fourth time.

36. USCIS issued a response dated November 13, 2012 stating that "[w]e are actively processing this case. However, we have to perform additional review on this case and this has caused a longer processing time. If you do not receive a decision on this case or other notice of action from us within 6 months of this letter, please contact customer service."

37. Upon information and belief, no further action will be taken by USCIS.

38. Alhanek meets all of the statutory requirements for naturalization.

39. Alhanek wishes to be a citizen of the United States for a number of reasons, such as the ability to travel with an American passport and the opportunity to apply for jobs only available to United States citizens.

40. USCIS has not yet rendered a decision on the matter.

41. Respondent Holder is responsible for actions and omissions of the Department of Homeland Security, of which USCIS is a part.

42. Respondent Mayorkas is responsible for the actions and omissions of USCIS.

43. Respondent Quarantillo is responsible for the actions and omissions of the Garden City, New York office of USCIS, which is part of the New York District Office.

44. More than 120 days have elapsed since Alhanek's naturalization examination.

## STATUTORY AND REGULATORY FRAMEWORK

45. 8 U.S.C. §1447(b) states, in relevant part, that "if there is a failure under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

46. 8 C.F.R. § 335.2(b) states: "The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed."

47. 8 C.F.R. § 335.3(a) states that a decision to grant or deny the naturalization application shall be made at the initial examination or within 120 days after the date of the initial examination if the applicant has complied with all the requirements of naturalization.

48. 5 U.S.C. § 555(b) states "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

49.     Under 5 U.S.C. § 706, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

## CLAIMS FOR RELIEF

50.     Alhanek refers to and incorporates herein Paragraphs 1 through 49 of this Complaint as though set forth in full hereat.

51.     Under 5 U.S.C. §§ 551 et seq., Alhanek has been aggrieved by the Respondents' unlawful delay in acting upon Alhanek application and have failed to carry out the adjudicative functions delegated to them by law within a reasonable time.

52.     Under 5 U.S.C. §§ 551 et seq., Respondents owe Alhanek a duty to adjudicate her naturalization application within a reasonable time frame.  Respondents have breached that duty by unreasonably delaying the processing of Alhanek application for naturalization, thus depriving Alhanek of the benefits of United States citizenship.

53.     Under 5 U.S.C. § 555(b), Respondents have failed to conclude a matter that has been presented to them within a reasonable time.

54.     Under 8 U.S.C. § 1447(b), Respondent USCIS, by and through its officers Respondent Holder, Respondent Napolitano, and Respondent Quarantillo, have failed to act upon Alhanek's application for naturalization within 120 days of his naturalization examination, thereby depriving Alhanek of the benefits of having United States citizenship.

**WHEREFORE**, Petitioner prays that the Court:

(1) Hold a hearing to determine the matter;

(2) In the alternative, issue an order remanding the matter with instructions to Respondents to adjudicate the naturalization application within 30 days of the Court's order; and

(3) Grant such other and further relief as this Court deems just and proper.

Dated: November 28, 2012
New York, New York

          Respectfully submitted,
          FERRO & CUCCIA

          ___/s/__Edward J. Cuccia___

          By:_____
          Edward J. Cuccia
          Edward@ferroandcuccia.com
          100 Lafayette Street
          New York, NY 10013
          212-966-7775